UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID G. VILLARREAL AND<br>MARIA ELENA STARNES A/N/F OF<br>S.S., A MINOR<br>*Plaintiffs*<br><br>VS.<br><br>PASCHALL TRUCK LINE, INC.<br>AND LORI ANNETTE CAPERS<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 5:25-CV-000601-FB<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE FRED BIERY OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COME, DAVID G. VILLARREAL and MARIA ELENA STARNES A/N/F S.S.**,** A MINOR hereinafter referred to by name or as Plaintiffs, and file this Original Complaint, complaining of PASCHALL TRUCK LINES INC. AND LORI ANNETTE CAPERS**,** hereinafter ("Paschall") and ("Capers"). Defendants, and in support thereof would respectfully show unto this Court as follows:

I.
Parties and Service

1.1 Plaintiff, DAVID G. VILLARREAL, is an individual residing in Cameron County, Texas and brings this action individually.

1.2 Plaintiff, MARIA ELENA STARNES, is an individual residing in Cameron County, Texas and brings this action as next friend of S.S., a minor.

1.3 Defendant PASCHALL TRUCK LINES INC. is a is a domestic corporation headquartered in Murray, Kentucky authorized to conduct business in the State of Texas and has been served with process.

1.4 Defendant LORI ANNETTE CAPERS is an individual residing in the state of Virginia and has been served with process.

## II.
## Jurisdiction and Venue

2.1. This court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $1,000,000.00, excluding interest and costs.

2.2 Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose in Bexar County, Texas.

2.3 Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## III.
## Factual Background

3.1 On February 02, 2025, Plaintiff, DAVID G. VILLARREAL, was the restrained driver of a 2017 Cadillac Escalade, operating his vehicle in a safe and prudent manner with S.S., a minor, as his restrained passenger. Mr. Villarreal was traveling North on IH35 outside San Antonio city limits, in Frio County, Texas.

3.2 At said date, time, and location, Plaintiff's vehicle was suddenly and unexpectedly struck by Defendant LORI ANNETTE CAPERS, who was negligently operating a 2022 International LT625 tractor-trailer without safety and who was in the course and scope of her employment with Defendant PASCHALL TRUCK LINES INC. at the time of the wreck.

3.3     As a direct and proximate result of the collision, Plaintiffs have suffered physical and emotional injuries and damages. As a result of the physical and emotional injuries, Plaintiffs have incurred reasonable and necessary medical expenses and, in all probability, will continue to incur reasonable medical expenses well into the future.

3.4     At the time of the collision, Defendant Capers was an employee of Defendant Paschall and was acting within the course, scope, and in furtherance of her employment. Pleading further and in the alternative, Defendant Capers was a statutory employee under the Statutory Employee Doctrine. In this regard, an interstate motor carrier such as Defendant Paschall is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997). As a result, Defendant Paschall had exclusive control of the tractor-trailer combination operated by Defendant Capers, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). Thus, Defendant Paschall is vicariously liable, as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Capers.

3.5     Alternatively, Defendant Paschall is vicariously liable with respect to all negligent acts and/or omissions by Defendant Capers under traditional common-law doctrines of the master-servant relationship and respondeat superior.

IV.
Cause of Action Against Defendant LORI ANNETTE CAPERS

4.1     Defendant Paschall is the responsible party for the actions of its employee, Defendant Capers, who was acting within the course and scope of her employment.

4.2     Under the doctrine of respondeat superior, Defendant Paschall, is vicariously liable for the actions of its employee, Defendant Capers, while in the course and scope of her employment.

The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant Paschall's employee in one or more of the following particulars:

4.2.1   In that Defendant Capers failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

4.2.2   In that Defendant Capers failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

4.2.3   In that Defendant Capers failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.4   In that Defendant Capers failed to apply her brakes to her motor vehicle in a timely and prudent manner;

4.2.5   In placing Plaintiffs in a position of peril due to Defendant Capers's lack of due care and exercise of ordinary prudence of a person of her maturity and capacity under § 545.401 of the Texas Transportation Code;

4.2.6   In failing to control her speed or take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.7   In failing to use the tractor's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision;

4.2.8   Defendant Capers operated her vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.2.9   Defendant Capers failed to properly record her duty status, in violation of 49 C.F.R. 395.8;

4.2.10  Defendant Capers failed to properly inspect her vehicle prior to operation, in violation of 49 C.F.R. 36.13;

4.2.11  Defendant Capers operated her vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

      4.2.12  Defendant Capers failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

      4.2.13  Defendant Capers drove a vehicle she was not qualified to operate because she did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R 391.15.

4.3    Plaintiffs' injuries were proximately caused by Defendant Capers's negligent, careless and reckless disregard of said legal duties.

4.4    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## V.
## Cause of Action Against Paschall Truck Lines Inc.

5.1    Defendant Paschall is liable under the doctrine of *respondeat superior* in that Defendant Capers was operating the vehicle in the course and scope of her employment with Defendant Paschall at the time of the collision, and Defendant Capers was engaged in the furtherance of Defendant Paschall's business.

5.2    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Capers was engaged in accomplishing a task for which Defendant Capers was employed. Thus, Plaintiffs invoke the legal doctrine of *respondeat superior* against Defendant Paschall.

## 7.
## Damages for DAVID G. VILLARREAL

7.1    As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, DAVID G. VILLARREAL, sustained personal injuries which have resulted in losses and damages recoverable by law.

7.2    Plaintiffs would respectfully request the Court to determine the amount of loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint,

but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiffs are entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries and damages and losses incurred and to be incurred in the future.

7.3 From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

7.3.1 Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, DAVID G. VILLARREAL, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

7.3.2 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

7.3.3 The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

7.3.4 The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4 From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

7.4.1 The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

7.4.2 Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    7.4.4    Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

    7.4.5    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

8.

Damages for MARIA ELENA STARNES A/N/F S.S.

8.1    As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, MARIA ELENA STARNES A/N/F S.S., sustained personal injuries which have resulted in losses and damages recoverable by law.

8.2    Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

8.3    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    8.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, MARIA ELENA STARNES A/N/F S.S., for the necessary care and treatment of the injuries resulting from the accident

    complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

  8.3.2 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

  8.3.3 The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

  8.3.4 The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

8.4 From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

  8.4.1 The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

  8.4.2 Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

  8.4.3 The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

  8.4.4 Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

  8.4.5 The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

9.
<u>Interest on Damages</u>

9.1 To the extent provided by law, Plaintiffs further plead for *pre* and *post* judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

10.
Jury Demand

10.1   Plaintiffs request a trial by jury.

**XI.**
**NOTICE OF SELF-AUTHENTICATION**

11.1.   Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that part in any pretrial proceeding or at trial.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DAVID G. VILLARREAL and MARIA ELENA STARNES A/N/F S.S., respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**

2401 WILD FLOWER DRIVE, SUITE A.
BROWNSVILLE, TEXAS 78526
PHONE: (956) 300-0000
FACSIMILE: (956) 550-0877

BY:   __/s/ Reggie Blakeley_____
JAVIER VILLARREAL
STATE BAR NO. 24028097
FEDERAL BAR NO. 30384
REGGIE BLAKELEY
STATE BAR NO. 24077845
FEDERAL BAR NO.1839054

*Service email: reggie@jvlawfirm.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been provided to all counsel of record in accordance with FED. R. CIV. P.5.(a) on June 13, 2025.

| | |
|---|---|
| David L. Ortega | Via E-Filing/E-Service System |
| Amado N. Montoya | |
| NAMAN, HOWELL, SMITH & LEE, PLLC | |
| 10001 Reunion Place, Suite 600 | |
| San Antonio, Texas 78216 | |